UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William Edmondson

    v.                                                Civil No. 05-cv-445-JD

NH Department of Corrections, et al.


**REPORT AND RECOMMENDATION**

     Plaintiff's latest preliminary injunction motion was forwarded to me for a Report and Recommendation.  His motion asserts three bases for the injunction: (1) that defense counsel witnesses at the hearings on February 23 and 24, 2006 to testify falsely; (2) that retaliation against him is ongoing preventing his readmission into the program; and (3) he has demonstrated his readiness for readmission to the sexual offender program.

    1.   False Testimony.

     There is little doubt that plaintiff expected a lot more support than he got from witnesses at the hearings in February. At the hearing on September 14, 2006, he did elicit more significant support but did not prove either prior perjury, subordination of perjury or even intimidation of witnesses. Messrs. Redmond, Saunders and McAllister – all mental health professionals – disagreed with the decision to terminate him in

the sexual offender program but did not testify differently in content than previously. The testimony was more forceful this time.

There simply was no proof that defense counsel intimidated witnesses into dishonest testimony. It is clear that the mental health professionals disagreed with those who terminated plaintiff from the sexual offender program.

2. <u>Ongoing Retaliation</u>.

Plaintiff clearly misperceived my prior effort to mediate a proposed five month re-entry resolution as a court order. In fact, he has moved up the re-entry list in accordance with prison procedures – without any evidence of retaliation. The fact that flaws in the program and its prior administration are evident and that the program has therefore treated him unfairly is not the same thing as retaliation for his prior testimony about the prior unconstitutional religious-based content. There is no evidence of retaliation and he did break the confidentiality rules.

3. <u>Demonstrated Readiness</u>.

The "completion" of his maintenance contract outside of the program is not acceptable as part of the program. His cognitive distortions in and out of the program raised concerns. Ms.

Marsh, who took over as the director in May of 2006, has met with plaintiff quarterly to update him but cannot give a <u>definite</u> date for re-entry.  While this judge believes plaintiff was not dealt with in complete fairness by the prior sexual offender administrators, the fact is he did violate "confidentiality". That is a sufficient basis to terminate and the court will watch how fairly his readmission happens.

   Plaintiff has failed to demonstrate retaliation and his motion should be denied.  In addition to my "bench" recommendation, I further recommend the motion be denied.

   Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: September 19, 2006

cc:   William Edmondson, *pro se*
      Mary E. Maloney, Esq.